The GENERAL TIRE & RUBBER COMPANY, Plaintiff,

v.

WATSON–BOWMAN ASSOCIATES, INC. and the Johnson Rubber Company, Defendants.

Civ. A. No. 4514.

United States District Court, D. Delaware.

March 29, 1977.

Arthur G. Connolly, Jr., Connolly, Bove & Lodge, Wilmington, Del., for plaintiff; Richard E. Guster, Roetzel & Andress, and Frank C. Rote, The General Tire & Rubber Company, Akron, Ohio, of counsel.

Douglas E. Whitney, Morris, Nichols, Arsht & Tunnell, Wilmington, Del., for defendants; Lawrence A. Hymo, Cushman, Darby & Cushman, Washington, D. C., of counsel.

CALEB M. WRIGHT, Senior District Judge.

Plaintiff, General Tire & Rubber Company, commenced this patent infringement suit against Watson-Bowman Associates, Inc. seeking damages, and an injunction against further infringement. The first two counts of the complaint charge infringement of two patents, and the third count charges unfair competition. Neither party has made a demand for a jury trial with respect to the issues raised in the original complaint or answer.

On the eve of the pre-trial conference, Watson-Bowman moved for leave to amend its answer to include allegations of fraud on the Patent Office and unclean hands. The amendments allege that plaintiff failed to disclose relevant patents, improperly distinguished other patents, failed to disclaim invalid claims, and made untrue statements in the reissue oath regarding essential features. The amendments were allowed by memorandum opinion and order dated November 17, 1976. Plaintiff made a demand for a jury trial with respect to the issues raised in the amendments on November 29, 1976, and defendant moved to strike the jury trial demand on December 16, 1976. That motion, having been briefed and argued, is ready for decision.

■ The Seventh Amendment to the Constitution states, *inter alia*:

> "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . . ."

Rule 38, Fed.R.Civ.P., requires a party to make a demand for trial by jury "not later than 10 days after the service of the last pleading directed to such issue," Rule 38(b), to avoid "a waiver by him of trial by jury." Rule 38(d).[1]

■ In order to clarify what is involved in the instant motion, it is important to emphasize what is not involved. Neither party has demanded a jury trial with respect to the issues presented in the original pleadings, and thus there is no dispute that any right to trial by jury which may have existed with respect to those issues has been waived.[2] This, then, is not a situation such as was presented in *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959), and *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962), in which both legal and equitable issues were joined. In order to preserve the right to trial by jury with respect to the legal issues, the Supreme Court held that a jury trial must be granted as to all issues common to both the legal and equitable claims. Since plaintiff has waived all rights to a jury trial with respect to the issues in the original pleadings, the only question here is whether plaintiff is entitled to a jury trial with respect to the new issues raised by the amendments to the answer. The teaching of *Beacon Theatres, Inc.* and *Dairy Queen* that "[a]s long as any legal cause is involved, the jury rights it creates control", *Thermo-Stitch, Inc. v. Chemi-Cord Processing Corp.*, 294 F.2d 486, 491 (5th Cir. 1961), is therefore relevant to this case only if the newly raised issues give rise to "jury rights".

■ Thus, plaintiff's waiver narrows the inquiry to an examination of the issues presented in the amendments to the answer to determine whether they are legal and give rise, under the Seventh Amendment, to a right to trial by jury, or equitable and do not present any such right. The Supreme Court, in *Ross v. Bernhard*, 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970), set forth a three-part test to be undertaken in determining the "legal" nature of an issue. The Court must consider "first, the pre-

---

1. Defendant argues that the jury demand here was not timely. In support of this contention, defendant calculates the ten days beginning from the day of service of the motion for leave to amend. However, the proper day to begin counting is the day the motion was granted. Defendant concedes that its argument is unsup-

portable if the time period begins to run from this day.

2. Plaintiff has not argued in its brief that it still has any rights to trial by jury with respect to those issues, and it conceded at oral argument that any such rights were waived.

merger custom with reference to such questions; second, the remedy sought; and, third, the practical abilities and limitations of juries." 396 U.S. at 538, 90 S.Ct. at 738, n. 10.

■ In an attempt to persuade the Court that the new issues raised in the amended answer are traditionally tried before a jury, plaintiff relies on a number of cases in which the question was whether a particular issue was a question of fact and, therefore, before the trier of fact, be it the judge or jury, or a question of law and hence within the province of the Court.[3] In addition to the cases relied upon in its brief, *supra*, n. 3, the plaintiff at oral argument relied upon *Canning v. Star Publishing Co.*, 138 F.Supp. 843 (D.Del.1956). This was an employment contract case in which the plaintiff sought, *inter alia*, damages for having been fraudulently induced to execute a release. Judge Leahy held that defendant was entitled to a jury trial with respect to that issue along with the other legal issues in the action. However, as Judge Leahy pointed out, 138 F.Supp. at 845, fraud arises in a wide variety of situations and the context in which the fraud is alleged to have occurred is important in ascertaining whether it is a legal or an equitable issue. Thus, the precedential value of that case, involving fraud in connection with the execution of a release, to the case at bar, involving fraud on the Patent Office, is limited.

■ The importance of the context in which fraud arises to a determination of whether or not a jury right attaches is precisely why plaintiff's citation of *Minnesota Automotive, Inc. v. Stromberg Hydraulic Brake & Coupling Co.*, 14 Fed.Rules Serv.2d 1300, 167 U.S.P.Q. 165 (D.Minn. 1970), is a source of much concern to the Court. In that case, plaintiff apparently brought a declaratory judgment action seeking a declaration that defendant's patents were invalid because of fraud on the

Patent Office and, if valid, not infringed, and an injunction restraining defendant from interfering with plaintiff or its customers by alleging infringement. The judge specifically stated that no money damages were sought by either side. Nonetheless, the judge ruled that defendant had a right to trial by jury, leaving unclear exactly what aspect of the case gave rise to such a right. In light of this holding, the Court has reviewed carefully a number of cases involving allegations of fraud on the Patent Office. The Court is convinced, despite the holding of *Minnesota Automotive, Inc. v. Stromberg Hydraulic Brake & Coupling Co., supra*, that the issue of fraud on the Patent Office is equitable in nature and thus does not give rise to the right of trial by jury.

In *United States v. American Bell Telephone Co.*, 167 U.S. 224, 17 S.Ct. 809, 42 L.Ed. 144 (1897), the Supreme Court, in acknowledging the propriety of the United States bringing an action against one who had wrongfully obtained a patent, referred to such an action as a "suit in equity", 167 U.S. at 269, 17 S.Ct. 809, and noted that it was presented to the courts of the United States, "sitting as courts of equity". *Id.* To similar effect is the following more recent discussion of fraud on the Patent Office in the seminal case of *Precision Instrument Manufacturing Co. v. Automotive Maintenance Machinery Co.*, 324 U.S. 806, 814–16, 65 S.Ct. 993, 997–998, 89 L.Ed. 1381 (1945):

"The guiding doctrine in this case is the equitable maxim that 'he who comes into equity must come with clean hands.' This maxim is far more than a mere banality: It is a self-imposed ordinance that closes the doors of a court of equity to one tainted with inequitableness . . . That doctrine is rooted in the historical concept of court of equity as a vehicle for affirmatively enforcing the requirements of conscience and good faith.

*       *       *       *       *       *

3. *Wyly v. Burlington Industries, Inc.*, 452 F.2d 807 (5th Cir. 1971), (assumption of risk in a tort case); *Massey-Ferguson, Inc. v. Bent Equipment Co.*, 283 F.2d 12 (5th Cir. 1960),

(fraud in connection with a breach of contract claim); *Trice v. Commercial Union Assurance Company*, 334 F.2d 673 (6th Cir. 1964), (fraud in connection with an insurance claim).

This maxim necessarily gives wide range to the equity court's use of discretion in refusing to aid the unclean litigant . . . Any willful act concerning the cause of action which rightfully can be said to transgress equitable standards of conduct is sufficient cause for the invocation of the maxim by the chancellor.

\*    \*    \*    \*    \*    \*

. . . For if an equity court properly uses the maxim to withhold its assistance in such a case it not only prevents a wrongdoer from enjoying the fruits of his transgression but averts an injury to the public. . . . "

See, also, Keystone Driller Co. v. General Excavator Co., 290 U.S. 240, 245, 54 S.Ct. 146, 78 L.Ed. 293 (1933); Monsanto Co. v. Rohm & Haas Co., 456 F.2d 592, 597–600 (3rd Cir. 1972), and United States v. Marifarms, Inc., 345 F.Supp. 858, 861 (D.Del. 1972). This Court, in a lengthy and detailed discussion of the defense of fraud on the Patent Office noted that such a defense was equitable in nature, that it was presented to a court of equity, and that it would result in a refusal of aid to the patentee with unclean hands. In re Multidistrict Litigation Involving Frost Patent, 398 F.Supp. 1353, 1365–1368 (D.Del.1975). In ruling on the appeal of that case, the Third Circuit said:

> "Since the refusal of courts to enforce patents in cases such as this is founded on equitable notions, we possess the equitable discretion to choose whether to deny enforcement to the Frost patent in part or in whole.
> In re Multidistrict Litigation Involving Frost Patent, 540 F.2d 601, 611 (3rd Cir. 1976).

In this Court's view, these cases make it clear that the defense of fraud on the Patent Office is measured against equitable standards, that such a defense has traditionally been tried before the Court sitting as a court of equity, and that such a defense may result in the court of equity denying enforcement to a patent. Applying the Ross v. Bernhard criteria to the instant case, the Court holds that the newly raised issues do not give rise to a right to trial by jury. Therefore, defendant's motion to strike the jury demand is granted.