820 F.2d 1209
 55 USLW 2687, 2 U.S.P.Q.2d 2015
 GARDCO MANUFACTURING, INC., Appellee/Cross-Appellant,
v.
HERST LIGHTING CO., d/b/a Peerless Electric Company, Douglas
J. Herst and Peter Y.Y. Ngai, Appellants/Cross-Appellees.
 Appeal Nos. 86-1264, 86-1607.
 United States Court of Appeals,
Federal Circuit.
 June 8, 1987.
 
 Jack L. Slobodin, Cartwright, Suckerman & Slobodin, Inc., San Francisco, Cal., argued, for appellants/cross-appellees. With him on the brief, was Donald L. Beeson, Beilock, Collins & Beeson, Oakland, Cal., of counsel.
 Charles E. Townsend, Jr., Townsend & Townsend, San Francisco, Cal., argued, for appellee/cross-appellant. With him on the brief, was Guy W. Chambers.
 Before MARKEY, Chief Judge, RICH and NIES, Circuit Judges.
 MARKEY, Chief Judge.
 
 
 1
 Appeal and cross-appeal from a judgment of the United States District Court for the Northern District of California, No. C 84-7748 SW (N.D.Cal. Apr. 11, 1986) (Williams, J.), holding U.S. Patent No. 4,390,930 (the '930 patent) unenforceable because the patent applicants were guilty of inequitable conduct before the United States Patent and Trademark Office (PTO) and refusing to find this case "exceptional" under 35 U.S.C. Sec. 285. We affirm.
 
 BACKGROUND
 
 2
 On April 15, 1981, Douglas J. Herst (Herst) and Peter Y.Y. Ngai (Ngai) filed application Serial No. 254,462 which resulted in the issuance of the '930 patent on June 28, 1983. That patent, entitled "Indirect Lighting Fixture with Improved Light Control", was assigned to Herst Lighting Co. d/b/a Peerless Electric Company (Peerless). Having been accused of infringing the '930 patent, Gardco Manufacturing, Inc. (Gardco) filed a complaint on December 7, 1984 seeking a declaration that the '930 patent is invalid, unenforceable, and not infringed, and an award of attorney fees. Peerless answered the complaint, counterclaimed for infringement, and demanded a jury trial pursuant to Fed.R.Civ.P. 38(b).
 
 
 3
 In response to a motion filed by Gardco, the district court separated for trial without a jury the issue of inequitable conduct and for a trial with a jury, if necessary, the issues of infringement and validity. Fed.R.Civ.P. 42(b). After a six-day nonjury trial of the inequitable conduct issue only, the district court held that Peerless was guilty of inequitable conduct before the PTO and declared the '930 patent unenforceable. In a July 7, 1986 order, the district court denied Gardco's motion for attorney fees under 35 U.S.C. Sec. 285.
 
 
 4
 The '930 patent relates to a long, linear, indirect lighting fixture mounted above eye level and having tubular fluorescent lamps secured within an elongated housing and a reflector and side lenses which direct and refract most of the light above the horizontal plane of the fixture. The light which is directed below the horizontal plane is substantially controlled by the relative placement of the lens and lamps and is great enough for one to perceive the light source but small enough to avoid discomfort caused by glare. Claim 1, the broadest claim, reads:
 
 
 5
 An indirect lighting fixture having a cross-sectional dimension of approximately 6 inches comprising
 
 
 6
 a light source,
 
 
 7
 an opaque housing having opaque side wall portions which extend upwardly from beneath said light source,
 
 
 8
 said lens means attached to the opaque side wall portions of said housing and extending upwardly therefrom to form a light transmitting extension thereof, said side lens means being formed to receive light from said light source and direct same substantially laterally of said fixture such that the greatest portion of the light travelling through said lens is directed above said horizontal plane and a small portion of the light travelling through said lens is directed below said horizontal plane, said portion of light directed below said horizontal plane of said fixture being great enough to provide a perception of seeing a light source when an observer views the fixture above but near eye level and small enough to avoid excessive brightness,
 
 
 9
 said light source being vertically elevated within said housing relative to the side walls thereof a sufficient distance to permit a small portion of light emanating from the light source to be directed below said horizontal plane by said side lens means, and
 
 
 10
 reflector means in said housing beneath said light source for reflecting light therefrom generally upwardly so as to increase the amount of light directed out of said fixture.
 
 
 11
 The district court's inequitable conduct conclusion was based on Peerless' failure to disclose to the PTO the public use of Peerless' own light fixtures constituting prior art during prosecution of the patent application. The first was an indirect lighting fixture built and sold by Peerless in 1977, depicted in Peerless' 1977 catalog, and designated the "1977 fixture". The second fixture, designated the "PCT fixture", was built and sold by Peerless in 1979 and was the subject of Peerless' application for patent Serial No. 046,970 filed June 8, 1979.
 
 
 12
 In a seven-page unpublished memorandum, the district court found that Gardco proved by clear and convincing evidence that the two undisclosed fixtures would have been "highly material" to a patent examiner's determination. The district court noted that Herst testified that claim 1 read on both undisclosed fixtures, except for the limitation "avoid excessive brightness." However, the district court found that all three fixtures combat the problem of excessive brightness in very similar ways.
 
 
 13
 Concerning Peerless' intent to withhold the undisclosed art from the PTO, the district court found that Peerless' failure to recognize the materiality of that art was "clearly unreasonable under the circumstances." The district court found that Peerless did not satisfactorily explain why the patent disclosed in Figure 6 a lensless fixture and described that fixture as "conventional", while Peerless failed to disclose its more relevant fixtures that did have lenses. Noting correspondence between Ngai and Donald Beeson, the patent attorney who prosecuted the application resulting in the '930 patent, and the comparison in that correspondence of the brightness in the PCT and patented fixtures, the district court found that Ngai and Beeson were fully aware of the similarities between the claimed and undisclosed fixtures. The court found that a reasonable person in Peerless' position should have known of the materiality of the withheld prior uses and that the evidence was strongly suggestive that Peerless was actually aware that the undisclosed fixtures were at least possibly material. To have ignored that possibility, per the court, "was at least grossly negligent."
 
 
 14
 Weighing Gardco's proof that the undisclosed art was highly material and that Herst and Ngai should have known of its materiality, the court concluded that they acted inequitably toward the PTO and declared the '930 patent unenforceable. Concluding that Gardco had not proved that the applicants had intentionally misled the PTO, the district court held the case not exceptional and denied Gardco's motion for attorney fees.
 
 
 15
 On appeal before this court, Peerless objects to the district court's separation order under Rule 42(b), saying it was thereby improperly denied a jury trial on the issue of inequitable conduct. Peerless also challenges the district court's inequitable conduct conclusion. Gardco cross-appeals from the district court's denial of its motion for attorney fees.
 
 ISSUES
 
 16
 (1) Whether the district court abused its discretion in separating the inequitable conduct issue for a nonjury trial held before a jury trial on validity and infringement.
 
 
 17
 (2) Whether the district court correctly held the '930 patent unenforceable because of inequitable conduct.
 
 
 18
 (3) Whether the district court clearly erred in finding this case not exceptional under section 285.
 
 
 19
 (1) Right to a Jury Trial
 
 
 20
 Rule 42(b) of the Federal Rules of Civil Procedure provides:
 
 
 21
 The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States. [Emphasis added.]
 
 
 22
 The Seventh Amendment to the Constitution states:
 
 
 23
 In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law.
 
 
 24
 The question of whether a patentee is entitled to have the issue of inequitable conduct tried in the jury trial which it has demanded on its counterclaim for infringement is one of first impression in this court. The question is two-fold: (1) whether a separate nonjury trial may be properly ordered at all; and, if so, (2) whether a separate nonjury trial may precede the jury trial to which appellants would be entitled on the legal issues of validity and infringement. The question clearly implicates the jurisprudential responsibilities of this court in a field within its exclusive jurisdiction, i.e., patent law, and thus we are not bound by decisions of the regional circuit courts. See In re Innotron Diagnostics, 800 F.2d 1077, 1084, 231 USPQ 178, 183 (Fed.Cir.1986). In J.P. Stevens & Co. v. Lex Tex Ltd., 747 F.2d 1553, 223 USPQ 1089 (Fed.Cir.1984), cert. denied, --- U.S. ----, 106 S.Ct. 73, 88 L.Ed.2d 60 (1985), the inequitable conduct and infringement/validity issues were separately tried but the present question was not before this court. The parties here have cited no case which squarely addresses the precise question presented.
 
 
 25
 The Seventh Amendment preserves to litigants the right to a jury trial where legal rights are to be determined. See Ross v. Bernard, 396 U.S. 531, 533, 90 S.Ct. 733, 735, 24 L.Ed.2d 729 (1970). Though Peerless did not lose its right to a jury trial on its legal claim of patent infringement and Gardco's invalidity defense solely as a result of the separation order, it maintains that it has a right to a jury trial on Gardco's claim of inequitable conduct. As Gardco correctly noted, however, "inequitable conduct" is derived from the doctrine of unclean hands and is purely equitable in nature. See Precision Instrument Manufacturing Co. v. Automotive Maintenance Machinery Co., 324 U.S. 806, 65 S.Ct. 993, 89 L.Ed. 1381, 65 USPQ 133 (1945). In its reply brief, Peerless' argument can be read as saying that the inequitable conduct issue here at least cannot be tried first.
 
 
 26
 In General Tire & Rubber Co. v. Watson-Bowman Associates, Inc., 74 F.R.D. 139, 141, 193 USPQ 484, 485 (D.Del.1977), the court held that the defense of inequitable conduct is "equitable in nature and thus does not give rise to the right of trial by jury." We agree. However, there the district court specifically noted that the parties had not demanded a jury trial with respect to the legal issues of patent infringement and unfair competition, and thus, the case did not present the precise problem represented by a potential for an inextricable interrelationship of legal and equitable issues.
 
 
 27
 Under Rule 42(b), a district court has broad discretion in separating issues and claims for trial as part of its wide discretion in trial management. It may, therefore, order a trial on unenforceability separate from an infringement trial that may involve an invalidity defense. Because of the constitutional imperative, however, the district court's discretion in ordering the equitable claim to be tried first is "narrowly limited and must, wherever possible, be exercised to preserve jury trial." Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 510, 79 S.Ct. 948, 956, 3 L.Ed.2d 988 (1959). In Beacon Theatres, the Supreme Court held that where a case presents both legal and equitable issues, "only under the most imperative circumstances ... can the right to a jury trial of legal issues be lost through prior determination of equitable claims." Id. at 510-11, 79 S.Ct. at 956-57 (emphasis added). In Dairy Queen, Inc. v. Wood, 369 U.S. 469, 479, 82 S.Ct. 894, 900, 8 L.Ed.2d 44, 133 USPQ 294, 298 (1962), the Supreme Court held that where a complaint set forth both legal and equitable claims to relief, a district court improperly denied a jury trial, because factual issues of the legal claims were "common" with those upon which the equitable claims were based and thus the legal claims had to be determined before any final court determination of the equitable claims.
 
 
 28
 The present appeal turns, therefore, on whether a prior trial on the issue of whether the patent is unenforceable for inequitable conduct would resolve factual issues common with factual issues reserved for jury trial.
 
 
 29
 Peerless does not challenge Gardco's statement that the defense of inequitable conduct is purely equitable. Rather, Peerless contends that this court in American Hoist & Derrick, Co. v. Sowa & Sons, Inc., 725 F.2d 1350, 220 USPQ 763 (Fed.Cir.1984), recognized that the legal issues of patent infringement and validity are, in Peerless' words, "inherently intertwined" with the resolution of the inequitable conduct defense, particularly the factual issue pertaining to the materiality of the undisclosed art. Peerless' reliance on American Hoist is misplaced. The court there provided some guidance on presenting an inequitable conduct issue to a jury, but the question of whether a party has a right to a jury trial on that issue was not raised and the court made no holding on that question. Nor did the court there discuss the commonality between factual issues relating to inequitable conduct and those relating to patent infringement and validity in the context of the question now before us.
 
 
 30
 Peerless has failed to show that the factual issues relating to its legal claim for patent infringement were so common with those relating to Gardco's equitable claim as to preclude a prior trial of the latter. The argument that the same art submitted as material in a trial of the latter may be presented in a trial of the former is without merit, for there is a fundamental difference between evidence and issues. See Innotron Diagnostics, 800 F.2d at 1086, 231 USPQ at 185 (" '[T]he prohibition is not against having two juries review the same evidence, but rather against having two juries decide the same essential issues.' ") quoting Paine, Webber, Jackson, & Curtis, Inc. v. Merrill, Lynch, Pierce, Fenner & Smith, Inc., 587 F.Supp. 1112, 1117, 223 USPQ 888, 892 (D.Del.1984) (emphasis in originals)).
 
 
 31
 The district court in this case explicitly refused to make any findings relating to the patentability of the claimed invention, in view of the undisclosed art or otherwise, and made no finding on infringement. While Peerless argues that inequitable conduct should not be found absent unpatentability, that is not the standard this court has adopted. See American Hoist, 725 F.2d at 1362-63, 220 USPQ at 772-73.
 
 
 32
 The simple fact is that a patent may be valid and yet be rendered unenforceable for misuse or inequitable conduct. Similarly, a valid patent may be (in the abstract) infringed, that is, the accused device may fall within the scope of the claim, but there will be no liability to the patentee when the patent is unenforceable. Thus the conduct-of-the-applicant-in-the-PTO issue raised in the nonjury trial and the separated infringement/validity issues are distinct and without commonality either as claims or in relation to the underlying fact issues.[1]
 
 
 33
 The district court clearly did not abuse its discretion in trying Gardco's inequitable conduct claim first in this case. Such a separation is precisely the type contemplated by Rule 42(b) and does not run afoul of the Seventh Amendment.
 
 
 34
 (2) Inequitable Conduct
 
 
 35
 The district court determined first whether Gardco proved by clear and convincing evidence a threshold degree of materiality of the undisclosed information, see J.P. Stevens, 747 F.2d at 1559, 223 USPQ at 1092, correctly noting that the "appropriate starting point" for determining materiality is 37 C.F.R. Sec. 1.56 (1986) (undisclosed information is "material where there is a substantial likelihood that a reasonable examiner would consider it important in deciding whether to allow the application to issue as a patent"). The district court found that an examiner would have considered the undisclosed information "highly material."
 
 
 36
 Peerless attacks that finding on the grounds that: (1) the district court failed to state how the undisclosed art was important to the issue of patentability of claim 1 but merely found that the undisclosed fixtures were "basically similar"; (2) the district court failed to consider the claimed invention as a whole by erroneously denigrating the importance of the claim clause relating to what Peerless in argument calls "brightness control"; (3) the undisclosed art was cumulative. None of those arguments establishes that the district court's materiality finding was clearly erroneous. They are, moreover, unquestionably and totally refuted by the fixture exhibits demonstrated at trial and before us.
 
 
 37
 In determining the inequitable conduct issue, a district court need not make explicit findings on whether undisclosed art anticipates the claimed invention or whether it would have rendered the claimed invention obvious under 35 U.S.C. Sec. 103 as construed in Graham v. John Deere Co., 383 U.S. 1, 17, 86 S.Ct. 684, 693, 15 L.Ed.2d 545, 148 USPQ 459, 467 (1966). Peerless' brief before this court is primarily and improperly devoted to an argument that the claims are patentable over the undisclosed art. That argument might have been relevant if the district court had found that "but for" the failure to disclose the fixtures, the patent would not have issued. As previously noted, the district court explicity refused to make any findings relating to patentability of the claimed invention over the undisclosed fixtures.[2]
 
 
 38
 Peerless' contention that the district court failed to consider the claimed invention as a whole is without merit. We see no error in the district court's highlighting the similarities between the fixtures. It was Herst who stated that the only difference between the claimed invention and the undisclosed fixtures was what he called "brightness control". Far from ignoring the "brightness" limitation, the district court found that the undisclosed and claimed fixtures all combat "excessive brightness" in "highly similar ways" and Peerless should have allowed the examiner to determine whether the now-argued brightness control feature distinguished patentably over the glare limitation feature of the undisclosed fixtures.
 
 
 39
 Peerless' contention that the undisclosed art is merely cumulative is specious. Peerless does not dispute that the undisclosed fixtures are the only prior art devices having all four of the structural elements of the claimed invention.
 
 
 40
 Peerless' challenge to the district court's finding of gross negligence is equally meritless. Peerless argues that the district court improperly drew an adverse inference of knowledge and negligence from the correspondence between Ngai and Beeson, saying: (1) it demonstrates only that they were aware of substantial brightness "differences" between the PCT and claimed fixtures; and (2) the inventors and Beeson "recited (albeit erroneously) the existence of the PCT fixture and its corresponding U.S. application ... in the specification of the '930 patent application." Further, Peerless contends the district court's adverse inference is not supported by the application's description of the lensless fixture as "conventional", saying they meant by that description only that lensless fixtures accounted for most of Peerless' sales.
 
 
 41
 The argument that the correspondence shows an awareness of only one feature of the involved features is spurious. Peerless' argument that the application recited the existence of the copending application is misplaced. The copending application was not prior art, see Panduit Corp. v. Dennison Manufacturing Co., 810 F.2d 1561, 1581 n. 47, 1 USPQ2d 1593, 1608 n. 47 (Fed.Cir.), cert. denied, --- U.S. ----, 107 S.Ct. 2187, 95 L.Ed.2d 843 (1987), and was clearly not the undisclosed prior art. The earlier exhibition, sale, and use of the undisclosed fixtures was. That the fixture described in the patent as "conventional" accounted for most of Peerless' sales is irrelevant and does not establish that it was in fact conventional. Peerless' arguments fall woefully short of establishing that the district court's finding of gross negligence was clearly erroneous.
 
 
 42
 Peerless' attempt to subject the inequitable conduct conclusion to a rigid formulation is unavailing. Indeed, Peerless' appeal would have been deemed frivolous were it not for the incorporation of the jury trial issue.
 
 
 43
 On this record, Peerless has not shown that the district court erred in weighing materiality and gross negligence and concluding that procurement of the '930 patent was accompanied by inequitable conduct. Accordingly, the district court's judgment declaring that the '930 patent is unenforceable must be affirmed.
 
 
 44
 (3) Attorney Fees
 
 
 45
 The district judge, who saw and heard the witnesses, found that Gardco had failed to establish that Peerless acted in bad faith or intentionally misled the PTO. Gardco brought the suit and proved inequitable conduct, yet it has not been held that every case of proven inequitable conduct must result in an automatic attorney fee award, or that every instance of inequitable conduct mandates an evaluation of the case as "exceptional". After the district court determines that a case is exceptional, there remains in every case its freedom to exercise its discretion "informed by the court's familiarity with the matter in litigation and the interest of justice." S.C. Johnson & Son, Inc. v. Carter-Wallace, Inc., 781 F.2d 198, 201, 228 USPQ 367, 369 (Fed.Cir.1986). On this record, Gardco has not established that the district court was clearly erroneous in finding an absence of exceptional circumstances, and thus has not established an abuse of the district court's discretion to award or deny attorney fees in "exceptional cases" under section 285. See Rolls-Royce Ltd. v. GTE Valeron Corp., 800 F.2d 1101, 1111, 231 USPQ 185, 192 (1986); Reactive Metals & Alloys Corp. v. ESM, Inc., 769 F.2d 1578, 1582-83, 226 USPQ 821, 824 (Fed.Cir.1985); Hycor Corp. v. Schlueter Co., 740 F.2d 1529, 1540-41, 222 USPQ 553, 562 (Fed.Cir.1984).
 
 CONCLUSION
 
 46
 Peerless has failed to show that the district court abused its discretion in trying Gardco's inequitable conduct claim without a jury before reaching Peerless' patent infringement claim. Peerless was not therefore improperly denied its right to a jury under the Seventh Amendment. On the merits, Peerless having failed to show that the district court erred in concluding that procurement of the '930 patent was accompanied by inequitable conduct, the judgment declaring the patent unenforceable must be affirmed. Lastly, Gardco has failed to show that it was entitled to attorney fees under section 285. Accordingly, the district court's judgment is affirmed in all respects.
 
 
 47
 AFFIRMED.
 
 
 
 [1]
 Accord In re Yarn Processing Patent Validity Litig., 472 F.Supp. 170, 205 USPQ 758 (S.D.Fla.1979) (dispositive equitable issue of whether patent misuse had been purged lacks substantial commonality with the legal issues of patent infringement and validity and thus should be tried by the court before the latter issues are tried before a jury)
 
 
 [2]
 Gardco incorrectly presumes that the district court found that an undisclosed fixture anticipated claim 1. Gardco's presumption rests on its treating the limitation "avoid excessive brightness" as meaningless or as anticipated by the "reduced glare" feature of the undisclosed art. Whether claim 1 was anticipated may or may not be true, but the issue was not before the district court and is not before us