NEWMAN, Circuit Judge
dissenting.
The court today promotes unexceptional trial procedures and non-culpable prosecution errors into an “exceptional case” of such severity as to warrant the award of attorney fees. That is not what the statute, or precedent, or policy contemplates. I respectfully dissent.
The premise of the American Rule against fee-shifting is that “one should not be penalized for merely defending or prosecuting a lawsuit.” Summit Valley Indus. v. United Bhd. of Carpenters & Joiners, 456 U.S. 717, 724, 102 S.Ct. 2112, 72 L.Ed.2d 511 (1982) (citations omitted); see Mach. Corp. of Am. v. Gullfiber AB, 774 F.2d 467, 471 (Fed.Cir.1985). For patent cases a combinátion of history and equity led to 35 U.S.C. § 285, a provision intended to permit fee-shifting in egregious situations. In placing § 285 in the patent statute, the legislators did “not contemplate! ] that the recovery of attorney’s fees will become an ordinary thing in patent suits.” Forest Labs., Inc. v. Abbott Labs., 339 F.3d 1324, 1328 (Fed.Cir.2003) (quoting S.Rep. No. 79-1503 (1946)). The statutory authority to award attorney fees was *1362 intended to “prevent gross injustice,” not to shift the economic balance against the unsuccessful plaintiff. See Machinery Corp., 774 F.2d at 472 (“There is no expressed limitation in this legislative history-on the award of fees to a patentee. On the other hand, in connection with an award of fees to an alleged infringer, the [Senate] report mentions prevention of ‘a gross injustice.’ ”).
Here, the district court referred to both “litigation misconduct” and “inequitable conduct” as rendering the case “exceptional.” The merits of the patents were not reached, leaving unclear the court’s designation of the suit as “baseless.” My colleagues now hold that when “inequitable conduct” is relied on for a fee award, there is “no distinction, in either our caselaw or any statutory authority, between inequitable conduct that is somehow benign, and inequitable conduct that is otherwise.” Maj. op. at 1358. To the contrary, that distinction is critical, as reflected in precedent and in the premises of the statute, and must be considered.
This court’s prior opinion acknowledged that Nilssen’s actions in the PTO were “not per se unreasonable.” Nilssen v. Osram Sylvania, 504 F.3d 1223, 1235 (Fed.Cir.2007). Whether the conduct was reasonable moves to the fore when deciding whether this is an “exceptional case” in terms of section 285 and if so, whether the award of attorney fees is warranted. The panel majority, discussing Nilssen’s litigation misconduct, relies on the “manner” in which some of the twenty-six patents that were named in the complaint were removed from the case. The expert report analyzed fourteen of the patents and three of these were later dropped, leaving eleven patents in suit. Although Osram stated that it fully understood which patents were at issue, the panel majority describes as “misconduct” that not until four months before trial did Nilssen provide a “formal” statement of non-liability as to the unin-cluded patents. My colleagues give substantial weight to this contribution to the “exceptional case” finding, although there is no showing of prejudice or of violation of local rules or the procedures of trial.
The panel majority also gives weight as litigation misconduct to the fact that Lars Evenson, the president of co-plaintiff Geo Foundation, objected to coming to the United States to be deposed, stating that he had no knowledge of anything at issue in the case; whereby the parties agreed that his deposition would be taken in Norway. The court also designates as litigation misconduct the listing of some incorrect patent filing dates in Nilssen’s interrogatory response, which dates were corrected at Nilssen’s deposition. The court also deems it litigation misconduct that Nilssen’s late waiver of the attorney-client privilege (relating to advice of counsel as to small-entity status) did not leave time for Osram to depose the lawyer until the time of trial.
Accepting that Nilssen’s litigation procedures were not perfect, there was no assertion of significance, reliance, deliberateness, bad faith, or prejudice. The acts recited by my colleagues do not produce an “exceptional case” under § 285.
My colleagues also rely on the district court’s ruling of inequitable conduct that was affirmed by this court in Nilssen, 504 F.3d at 1235-36. I take note that the description of that ruling in the majority opinion is truncated as to the underlying facts. For example, the majority opinion now states that there were “misleading affidavits,” maj. op. at 1356-57, whereas the prior decision states that the only flaw *1363 in the affidavits was that they did not state the relationship of the affiant. Id. at 1229-30.
The principal ground of the finding of inequitable conduct was Nilssen’s payment of small-entity fees for some patents, for which he stated he relied on the advice of counsel, for both he and his assignee were small entities. This court stated in its earlier opinion that paying small entity fees instead of large entity fees is “not strictly speaking inequitable conduct in the prosecution of a patent, as the patent has already issued if maintenance fees are payable (excepting an issue fee).” Id. at 1231. Another ground of the ruling of “inequitable conduct” was Nilssen’s failure to tell the examiner of ongoing litigation with Motorola involving related patents, an error that was shown to be unintentional, of no interest to the examiner, and of no consequence to the allowance of any claims. This court observed that “Failure to cite the Motorola litigation to the PTO may have been an oversight, as perhaps failure to cite prior art might have been.” Id. at 1235.
Although this court upheld the district court’s ruling of inequitable conduct, this court also stated that Nilssen’s arguments on every issue were “not per se unreasonable.” Id. The egregiousness of the malefactions on which the finding of inequitable conduct was based are highly relevant to whether this is an “exceptional case” and whether fee shifting is appropriate. My colleagues recognize that a finding of inequitable conduct does not always warrant the award of attorney fees, but decline to take cognizance of the facts underlying that ruling, stating that once inequitable conduct has been found, “there is no distinction.” Precedent is otherwise. In Gardco Manufacturing, Inc. v. Herst Lighting Co., 820 F.2d 1209 (Fed.Cir.1987) this court explained that “it has not been held that every case of proven inequitable conduct must result in an automatic attorney fee award, or that every instance of inequitable conduct mandates an evaluation of the case as ‘exceptional.’ After the district court determines that a case is exceptional, there remains in every case its freedom to exercise its discretion; informed by the court’s familiarity with the matter in litigation and the interests of justice.” Id. at 1215 (quoting S.C. Johnson & Son., Inc. v. Carter-Wallace, Inc., 781 F.2d 198, 201 (Fed.Cir.1986)) (finding inequitable conduct, but 2007-1198,-1348 declining to award attorney fees). In Consolidated Aluminum Corp. v. Foseco International Limited, 910 F.2d 804 (Fed.Cir.1990) the court affirmed the unenforceability of four patents for inequitable conduct and failure to disclose best mode, but also affirmed that the case was not “exceptional” and affirmed the denial of attorney fees. This court stated that this ruling “accords with our repeated statement that not every case deemed ‘exceptional’ must result in a fee award.” Id. at 815. In J.P. Stevens Co. v. Lex Tex Ltd., 822 F.2d 1047 (Fed.Cir.1987), this court affirmed the denial of attorney fees although the patent was held unenforceable due to inequitable conduct, citing Rohm & Haas Co. v. Crystal Chemical Co., 736 F.2d 688 (Fed.Cir.1984) for the position that it is not required or contemplated that “attorneys’ fees be awarded to the alleged infringer in an inequitable conduct case ‘absent compelling countervailing circumstances’ ... the [purpose of section 285] is to provide discretion where it would be grossly unjust that the winner be left to bear the burden of his own counsel which prevailing litigants normally bear.” Id. at 1052 (emphasis in original).
*1364 Although the panel majority protests that an appellate court does not review the evidence, the district court’s finding of the fact of “exceptional case” is reviewed under the clearly erroneous standard, a standard that requires appellate attention to the facts. My colleagues depart from precedent, in holding that the nature of the grounds on which inequitable conduct was found is not relevant to the attorney fee determination.
The precedent of the Federal Circuit is in accord with earlier decisions of the regional circuits, which had viewed § 285 in the larger context of fee-shifting principles in general. For example, in Arbrook, Inc. v. American Hospital Supply Corp., 645 F.2d 273, 279 (5th Cir.1981) the court stated that “A patent applicant who fails to disclose arguably relevant prior art runs the risk that his patent may later be invalidated because of the omission, but he is not liable for fees under § 285 unless he is guilty of deliberate misrepresentation or 2007-1198,-1348 concealment.” In Landau v. Barter Constr. Co., 657 F.2d 158 (7th Cir.1981) the court reviewed the challenged affidavits and found that they did not establish the willfulness or bad faith needed for an award of attorney fees; the court stated that “[t]he statute permits an award of attorneys’ fees only in ‘exceptional’ cases. Reviewing courts, however, consistently require specific findings by the district court which demonstrate why a case is ‘exceptional.’ ” Id. at 163. In Plastic Container Corp. v. Continental Plastics of Oklahoma, Inc., 708 F.2d 1554, (10th Cir.1983) the court observed that a case is “exceptional” under § 285 if there arises “such misconduct on the part of the losing party as to constitute fraud on the patent office or [conduct] so unfair and reckless as to make it unconscionable for the prevailing party to sustain the expense of counsel,” the court finding insufficient support for the “exceptional case” designation. Id. at 1560-61.
The panel majority stresses that the district court did not view the inventor Nils-sen as credible; all of the credibility criticisms relate to the issues on which the district court based its ruling of inequitable conduct in the PTO, issues that this court described as “not per se unreasonable.” Nilssen, 504 F.3d at 1223. Thus the district court stated that it disbelieved Nilssen’s statement that he did not deliberately conceal the relationship of an affi-ant in affidavits filed in the PTO; the district court stated that it disbelieved Nilssen’s statement that he did not deliberately misstate the parentage of some patent applications and did not deliberately withhold some references; the district court stated that it disbelieved Nilssen’s statement that he relied on the advice of tax counsel in paying small entity fees; the court criticizing his tardy waiver of the attorney-client privilege; the district court stated that it disbelieved Nilssen’s statement that he did not know of his duty to tell the examiner about the Motorola litigation involving other patents. All of these aspects led to the ruling of inequitable conduct in the PTO. As I have mentioned, in this court’s review of the inequitable conduct issues we observed that Nilssen’s actions were not unreasonable as such and “may have been an oversight.” Nilssen, 504 F.3d at 1223. It is inappropriate now to recharacterize this conduct in the PTO as “litigation misconduct.” An unexceptional case cannot be made exceptional by double-counting the same infractions.
The panel majority departs from precedent in holding that the nature of “inequitable conduct” is not a factor to be weighed in the attorney fee determination. *1365 The court today enlarges the scope of “exceptional case” to include less than egregious aspects of patent prosecution and litigation practice, with no evidence or charge of bad faith or prejudice. Any patent prosecution, and indeed any litigation, is vulnerable in its detail. It is appropriate and necessary to consider the nature of the conduct, in reviewing an attorney fee award, and to limit such award to major infractions, as statute and precedent require. Application of the “exceptional case” provision should be as objectively consistent as its subject matter permits, and in conformity with precedent. From my colleagues’ misapplication of law and departure from precedent, I respectfully dissent.